IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | |
|---|---|
| Marilyn Neely, ) | C.A. No. 0:07-3338-CMC-JRM |
| ) | |
| Plaintiff, ) | |
| ) | OPINION AND ORDER |
| v. ) | ON MOTION FOR |
| ) | SUMMARY JUDGMENT |
| York County Disabilities and Special Needs Board, ) | |
| ) | |
| Defendant. ) | |
| _____) | |

This matter is before the court for review of an order on non-dispositive matters entered on October 14, 2008 ("October Order"), as well as for review of the Report and Recommendation ("Report") entered on February 23, 2009. For the reasons set forth below, the October Order is affirmed and the Report is adopted in full.

**STANDARDS**

**A.     Pretrial Order on Non-dispositive Matters**

To obtain reversal of the Magistrate Judge's order on non-dispositive matters, Plaintiff must "show that the magistrate judge's order is clearly erroneous or contrary to law." 28 U.S.C. § 636 (b)(1)(A). *See also* Fed. R. Civ. P. 72(a) ("The district judge . . . must consider timely objections and modify or set aside any part of the order that is clearly erroneous or contrary to law."). Objections to a magistrate judge's non-dispositive order must be filed "within ten days after being served with a copy" of the order to which objection is made. Fed. R. Civ. P. 72(a). "A party may not assign as error a defect in the order not timely objected to." *Id.*

**B.     Report and Recommendation on Dispositive Matters**

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court.

*See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1). The court reviews only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'") (quoting Fed. R. Civ. P. 72 advisory committee's note).

**DISCUSSION**

**A.     Order on Non-dispositive Matters**

Plaintiff's objection to the October Order on non-dispositive matters is untimely. Even if timely, the objection would be overruled because Plaintiff has not shown that the order is clearly erroneous or contrary to law. Indeed, this court would have reached the same conclusions applying a *de novo* standard of review.

**B.     Report and Recommendation**

The court has conducted a *de novo* review of all aspects of the Report to which Plaintiff has filed objections and has otherwise reviewed the Report for clear error. Having done so, the court concludes that the Report is correct both in its analysis and recommended conclusions.

Taking the facts in the light most favorable to Plaintiff, a jury might reasonably conclude that Defendant's decision to terminate Plaintiff for her failure to go to the aid of a resident who was experiencing a choking episode was unduly harsh. This is because a jury might find that Plaintiff, a licensed practical nurse, made a reasonable judgment call between two important duties: (1)

2

completing the critical task of passing out medications (a task Defendant instructs its employees must be completed without interruption) at the Bird I (female resident) facility; and (2) joining other employees in assisting the choking victim at the adjoining Bird II (male resident) facility.[1] According to Plaintiff's version of events, she believed that the situation was under control because the co-worker from Bird I who went to assist other staff with the choking victim at Bird II advised Plaintiff upon leaving Bird I that she would call Plaintiff if her assistance was needed. Plaintiff was also aware that all staff members were trained to assist choking victims, although Plaintiff was the only nurse physically on site at the time.

Defendant conducted an investigation of the incident and was provided with Plaintiff's version of events as summarized above. Plaintiff's co-worker from Bird I provided a substantially similar version of events. A third witness (from Bird II) suggested a version less favorable to Plaintiff. Thus, Defendant was presented with two different versions of what transpired and might reasonably have accepted as true the version less favorable to Plaintiff.

Even if Defendant accepted Plaintiff's version of events as true, it could reasonably have concluded that Plaintiff exercised poor judgment in continuing the medication pass rather than immediately going to the aid of the choking victim. Thus, there was sufficient evidence to support Defendant's proffered legitimate reason for Plaintiff's termination under *either* version of events. While Plaintiff disputes Defendant's conclusion as to whether she exercised poor judgment (or sufficiently poor judgment to warrant termination), she has offered no evidence that Defendant's

---

[1] The resident apparently choked on a piece of apple. He was able to breathe by the time Plaintiff's co-worker from Bird I arrived at Bird II, although this information was not conveyed to Plaintiff. Despite being able to breathe, the choking victim continued to experience difficulties dislodging the food which necessitated his being taken to the hospital by ambulance. Plaintiff did not arrive at Bird II until the ambulance had departed, more than 15 minutes after she was first alerted to the problem.

3

stated reasons for the termination were not its true reasons.

In her deposition, Plaintiff, in fact, concedes that some punishment was appropriate or at least reasonable. She asserts, nonetheless, that she should not have been terminated because Defendant could, instead, have suspended her for three days. Thus, the focus of Plaintiff's claim appears to be that the punishment was unduly harsh rather than that no discipline was warranted. Plaintiff has, however, presented no evidence that other employees were treated less harshly under similar circumstances. Neither has she presented other evidence which would support a finding that the termination was racially motivated. Most critically, for reasons fully explained in the Report at 16-20, Plaintiff has failed to proffer evidence sufficient to establish the fourth prong of her *prima facie* case. For these and the additional reasons stated in the Report, the court concludes that Defendant's motion for summary judgment on all claims should be granted.

## CONCLUSION

For the reasons set forth above, the Order entered October 14, 2008, is affirmed, the Report and Recommendation entered February 23, 2009, is adopted in full, and Defendants' motion for summary judgment is granted. The Clerk of Court is directed to enter judgment for Defendant on all claims.

**IT IS SO ORDERED**.

S/ Cameron McGowan Currie
CAMERON MCGOWAN CURRIE
UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
March 27, 2009

4